## ENOCH D. BELL et al., Respondents v. EDWARD BARNES, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

1. **Mortgagor: PURCHASER IN GOOD FAITH: VENDEE: VEN-DOR.** In the case at bar, if the mortgagor of plaintiff was at the time of the execution of the mortgage in the actual and unequivocal possession of the horse thereby conveyed under a valid contract of purchase from the former owner, and exhibited the animal to plaintiffs and induced them to become his sureties on a note in consideration of such mortgage, then the plaintiffs occupied the status of purchasers in good faith, and their rights under the mortgage would prevail over any acquired by a subsequent vendee, either of the mortgagor or of his vendor.

2. **———: ———: INSTRUCTIONS: STATUTORY INSTRUCTION: SALES OF PERSONAL PROPERTY.** And in the case at bar, the instructions should have simply submitted to the jury a finding of the facts relating to a change of possession as contemplated by Revised Statutes 1899, section 3410, governing sales of personal property.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

#### STATEMENT OF THE CASE.

This a question of title to a horse, between certain mortgagees and a purchaser from the vendor of the mortgagor. On the trial of the action of replevin brought by the mortgagees in the lower court, it appeared that there was a conflict in the

evidence as to whether the mortgagor was in the actual and open possession of the horse at the time he executed the conveyance to them, the evidence for the plaintiffs tending to sustain the affirmative, and the evidence for the defendant tending to establish the negative of this issue. In the line of defendant's testimony there was also evidence tending to show that he purchased the horse while it was in the possession of the vendor of the mortgagor, without notice of any previous sale of the animal, or the mortgage thereof to the plaintiffs. That the purchase money, $60 in cash, was paid by him, the horse delivered to him and remained in his possession until replevied in this action.

For the plaintiffs there was evidence tending to show that the mortgagor had purchased the horse from the same vendor some time in the latter part of February or the first of March, 1898, for the price of $40, $30 of which was paid out of the money which he realized upon his mortgage to plaintiffs when he exhibited the horse to them and executed the instrument in consideration of their becoming his sureties on a note for $45. Plaintiffs had judgment. Defendant appealed and complains of the refusal of the trial court to give certain instructions requested in his behalf.

*W. C. Russell* and *Russell & Deal* for appellant.

(1) There was not a particle of evidence to show that there was an "actual and continual change of the possession" from Harvey to Harper. Neither was there any effort to deny that defendant Barnes was a "subsequent purchaser in good faith." Therefore, we think the court's action in giving and refusing instructions was so palpably wrong and in the face of the statute and well-settled authorities, that we shall not make an extended brief or argument. Sec. 3410, R. S. 1899; Step-

pacher, Arnold & Co. v. Saunders, 74 Mo. App. 479; State v. Durant, 69 Mo. App. 394. (2) As the undisputed proof clearly shows there was not a change of possession of the horse from Harvey to Harper, and that defendant purchased in good faith, we ask that this case be reversed without remanding.

*Boone & Lee* for respondents.

(1) The sale to Harper was complete when he was delivered to him at Charleston on the fourth of March and permitted him to give the mortgage. Southwest Freight Co. v. Stanard, 44 Mo. 83; 2 Story on Contracts, sec. 1017. (2) Bell and Ashby were bona fide purchasers and entitled to the same protection as any other innocent purchaser. Black v. Chase, 15 Mo. 347. (3) If the verdict is for the right party on all the evidence, it should not be disturbed, though there may be error in giving or refusing instructions. Noble v. Blount, 77 Mo. 242; Deal v. Cooper, 94 Mo. 65; Whitehead v. Atchison, 136 Mo. 491; Fitzgerald v. Baker, 96 Mo. 661.

BOND, J.—The principal objection to the instructions given by the court for the plaintiffs is, that in them the jury were left to determine the *ownership* of the animal at the time of the execution of the mortgage thereon to plaintiffs. This was, of course, a question of law dependent upon a finding of the facts bearing on the issue of the actual and open possession of the horse at the time by the mortgagor. It should not, therefore, have been relegated to the jury for decision. The instructions should have simply submitted to the jury a finding of the facts relating to a change of possession as contemplated by the statutes governing sales of personal property. R. S. 1899, sec. 3410. If the mortgagor of plaintiffs was at the time of the execution of that instrument in the actual and

unequivocal possession of the horse thereby conveyed under a valid contract of purchase from the former owner, and exhibited the animal to plaintiffs and induced them to become his sureties on a note in consideration of such mortgage, then the plaintiffs occupied the status of purchasers in good faith and their rights under the mortgage would prevail over any acquired by a subsequent vendee, either of the mortgagor or of his vendor. On the other hand, if the evidence failed to establish such a transmutation of possession, the plaintiffs were not entitled to recover; for in that view, the defendant was a purchaser in good faith and vested with a higher right as such than the plaintiffs as mortgagees of a mortgagor who was out of possession of the thing mortgaged at the time, and who had not, therefore, consummated his purchase under the requirements of the statutes.

From what has been said, the errors which intervened on the former trial can be cured on a second trial. To that end the judgment is reversed and the cause remanded. All concur.